IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNY T. HATCHETT,

    Plaintiff,

v.                                                                                 No. 13-cv-1183 MCA/SMV

UNITED PARCEL SERVICE, INC.,
and MICHAEL VANCE GILLAM,

    Defendants.

## ORDER GRANTING MOTION FOR RULE 35 EXAMINATION

THIS MATTER is before the Court on Defendants' Motion for Rule 35 Examination . . . [Doc. 19] ("Motion"), filed on April 25, 2014. Plaintiff responded on May 6, 2014. [Doc. 23]. Defendants filed their reply on May 20, 2014. [Doc. 25]. Oral argument was held on the Motion on June 12, 2014. The Court, having considered the briefs, oral arguments, and relevant law, and being otherwise fully advised in the premises, finds that Defendants' Motion is well-taken and shall be **GRANTED**.

### Standard

Under Rule 35, a court may order a party whose mental or physical condition is "in controversy" to submit to a mental or physical examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). The order may be entered only upon a finding of "good cause." Fed. R. Civ. P. 35(a)(2)(A).

A plaintiff can place his or her mental or physical condition in controversy through representations made during the course of litigation. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D.

1

388, 391 (S.D. Tex. 2013).  In certain situations, the pleadings alone may be sufficient to establish the in-controversy requirement.  *Id.* (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964)).

Courts have remarked that the good-cause determination is intertwined with the in-controversy determination.  *See Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 362 (D. Colo. 2004).  Good cause requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case.  *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995).  Whether the plaintiff has retained his own experts—and whether he intends to prove his claims through their testimony at trial—are relevant to a finding of good cause.  *Ornelas*, 292 F.R.D. at 392.

Good cause requires a showing of need greater than mere relevance.  *O'Sullivan v. Riviera*, 229 F.R.D. 184, 186 (D.N.M. 2004) (citing *Schlagenhauf*, 379 U.S. at 117–18).  Where a party may obtain the information by other means, a request for an examination need not be granted.  *Id.*  However, "a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available."  *Ornelas*, 292 F.R.D. at 391–92 (collecting cases).

## Analysis

Plaintiff argues that Defendants fail to satisfy the in-controversy and good-cause requirements.  [Doc. 23] at 5.  Plaintiff argues that Defendants have no need for a Rule 35 exam because all of Plaintiff's medical records have been made available to Defendants via discovery.  *Id.* at 7.  Plaintiff further argues that Defendants have failed to limit the scope of any

examination. *Id.* at 8.  Lastly, Plaintiff argues that his attorney should be present and that he should be allowed to have a court reporter or videographer record the examination. [Doc. 23] at 9–11; [Doc. 23-1] at 2.  The Court finds these arguments unpersuasive.

The Supreme Court has acknowledged that both the "in controversy" and "good cause" requirements of Rule 35 are met where a mental injury or condition is pled as the basis for a damages claim. *See Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."). This is a personal-injury action based on negligence, and thus it squarely fits within *Schlagenhauf*. *See* Compl. [Doc. 1-1] at 3 ("As a direct and proximate result of the reckless, careless[,] and negligent acts committed by Defendant driver, Plaintiff sustained serious and permanent injuries . . ."). Accordingly, based on the pleadings alone, the Court is satisfied that the in-controversy and good-cause requirements are satisfied. *See Schlagenhauf*, 379 U.S. at 119.

Plaintiff argues that because Defendants have not contested the examination performed by Plaintiff's expert, Dr. Veggeburg, the nature and extent of his injuries is undisputed, and therefore, Defendants fail to satisfy the "in controversy" requirement. [Doc. 23] at 6 & 10. However, Plaintiff ignores a simple reality—without a Rule 35 examination to rebut the reports of Plaintiff's expert, Defendants have no way to adequately scrutinize the conclusions of Plaintiff's expert. *See Fischer v. Coastal Towing Inc.,* 168 F.R.D. 199, 201 (E.D. Tex. 1996). Concerns of equity require allowing Defendants to have their own expert. *See Duncan v. Upjohn*

*Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994) ("[O]ne purpose in granting a request . . . pursuant to Rule 35 is to preserve the equal footing of the parties . . . .") (internal quotation marks and alterations omitted).  Defendants should not be limited to cross-examination of Plaintiff's expert.  *O'Sullivan,* 229 F.R.D. at 186; *Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001) ("The promulgators of Rule 35 deemed that the opportunity to cross-examine was an "insufficient test of truth" and as a result, independent examinations were prescribed.").

Plaintiff's arguments that Defendants do not need to conduct an independent examination because they have access to Plaintiff's medical records is simply inadequate.  *See Ornelas*, 292 F.R.D. at 391–92.

Plaintiff's objections to having to travel to Albuquerque are not convincing.  The general rule is that plaintiffs are required to bear the costs and difficulties of travel, including travel from other forums.  *See McCloskey v. United Parcel Serv. Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997).  Although exceptions may be made due to financial hardship, *see id*., Plaintiff has made no argument that he is financially unable to travel and Defendants have offered to pay reasonable expenses.  Nor has Plaintiff argued that he is physically unable to travel.  While Plaintiff objects to the distance, the Court notes that Plaintiff made himself available for examination by his own expert in Amarillo, Texas.  Furthermore, at oral argument, Plaintiff admitted that he traveled to Albuquerque for an independent medical examination in connection with his workers' compensation case.

Plaintiff's primary argument against travel to Albuquerque is that it is "lawless," that the police department there commits "multiple (almost monthly) shootings of civilians (many

4

unjustified)," and that as an African-American male he fears traveling there. [Doc. 23] at 3. Although the Court does not lightly take the issues of racial profiling or police misconduct, the Court finds that Plaintiff's argument is simply not credible.

Plaintiff's arguments that Defendants have failed to limit the scope of the examination are without merit. Limitations on the examination are to be prescribed by the Court, not Defendants. *See* Fed. R. Civ. P. 35(a)(2)(B).

Plaintiff's requests to have counsel present at the examination and to have the examination recorded shall be denied. Due to the potential to interfere with the examination, most federal courts do not allow either the presence of counsel or recording absent special circumstances. *See Ornelas*, 292 F.R.D. 388, 395–397 (S.D. Tex. 2013) (collecting cases). Plaintiff has provided no special circumstances supporting either request.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Rule 35 Examination . . . [Doc. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Rule 35 examination shall be conducted with the following conditions:

> 1. Plaintiff shall appear for a Rule 35 examination by Dr. Richard Radecki in Albuquerque, New Mexico on June 16, 2014, located at 2501 San Pedro NE, Suite 102.
>
> 2. Plaintiff shall appear for check-in for the examination promptly at 12:45 p.m., with the examination to begin at 1:30 p.m.
>
> 3. The scope of the examination may include, but is not limited to the following: history; the nature and extent of Plaintiff's injuries, if any, caused by the November 27, 2012 motor vehicle accident; diagnoses; pre-existing conditions; apportionment, if applicable; whether past treatment was reasonable, necessary, and accident-related; reasonable and customary charges for medical treatment caused by the accident; future treatment needs, if any; functional capacity, including necessary limitations or restrictions on activities of

daily living or employment, if any; permanency, if any; prognosis; history of usage of prescription medication; and any other issues Dr. Radecki deems pertinent to Plaintiff's medical condition as it relates to the subject accident.

4. The examination of Plaintiff will not involve any invasive procedures whatsoever.

5. Plaintiff shall allow for a minimum of two (2) hours for the examination.

6. Plaintiff shall bring photo identification, such as a driver's license, to the examination.

7. Plaintiff is to bring all x-rays, CT scans, MRIs, and diagnostic tests taken in connection with his injuries caused by the subject accident.

8. Neither Plaintiff's counsel nor any other third party shall be permitted to be present during any part of the examination.

9. The examination shall not be recorded by any means whatsoever.

10. Defendants shall bear the cost of the independent medical examination and shall reimburse Plaintiff for reasonable travel expenses, including hotel and meal expenses for one night not to exceeding $200.00.

11. Dr. Radecki shall submit his independent medical examination report to the attorneys for each side simultaneously.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**