IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNY T. HATCHETT,

    Plaintiff,

v.                                                          No. 13-CV-1183 MCA/SMV

UNITED PARCEL SERVICE, INC.,
And MICHAEL VANCE GILLAM,

    Defendants.

## ORDER OVERRULING OBJECTIONS

**THIS MATTER** is before the Court on *Plaintiff's Objection to Magistrate Judge "Order Granting Motion for Rule 35 Examination["] and Memorandum in Support*. [Doc. 40] Having considered the submissions and relevant law, and being otherwise fully advised in the premises, the Court **OVERRULES** Plaintiff's Objections.

**I.**     **STANDARD**

"A judge of the court may reconsider any pretrial matter [determined by the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. P. 72(a) (requiring the Court to "set aside any part of the order that is clearly erroneous or is contrary to law").

> Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a);1 28 U.S.C. § 636(b)(1)(A). With regard to fact findings, the Court applies a deferential standard which requires the moving party to show that the magistrate judge order is clearly erroneous. *See Burton v. R.J. Reynolds Tobacco Co.*, 177

1

> F.R.D. 491, 494 (D.Kan.1997). Under this standard, the Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991) (district court generally defers to magistrate judge and overrules only for clear abuse of discretion). With regard to legal matters, the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law. See *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290 (D.Kan.2007); *see also* 11 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice And Procedure § 3069 (2d ed., 2009 update). Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard. *See, e.g., Owner Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02 CV950 TS, 2009 WL 5066679, at *2 (D.Utah Dec.16, 2009); *Jensen v. Solvay Chem., Inc.*, 520 F.Supp.2d 1349, 1350 (D.Wyo.2007); *Dias v. City & County of Denver, Colo.*, No. CIVA07CV00722 WDM MJW, 2007 WL 4373229, at *2 (D.Colo. Dec.7, 2007); *McCormick v. City of Lawrence, Kan.*, No. 02 2135 JWL, 2005 WL 1606595, at *2 (D.Kan. July 8, 2005). *Cf. Weekoty v. United States*, 30 F.Supp.2d 1343, 1344 (D.N.M.1998) (applying de novo review to magistrate judge legal determination on non-dispositive matter).

*In re Motor Fuel Temperature Sales Practices Litig.*, 707 F.Supp.2d 1145, 1147-48 (D. Kan. 2010).

## II.     ANALYSIS

Decades ago the Supreme Court addressed examinations under Federal Rule of Civil Procedure 35 in *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964), holding that a Rule 35 examination may be had if the moving party establishes, by an "affirmative showing" rather than "mere conclusory allegations" that the examination is pertinent to a matter "in controversy" and there is "good cause" for the examination. Plaintiff does not

2

now challenge the magistrate judge's conclusion that Defendant is entitled to a Rule 35 examination.

Plaintiff argues that the Magistrate Judge's decision "is clearly erroneous and/or is contrary to law as most courts allow the presence of a third party absent some compelling reason not to allow the presence." [Doc. 40, p. 5] Plaintiff submits, correctly, that "Rule 35 is silent on who may attend a physical or mental examination." [Doc. 40, p. 2] Plaintiff requests that either his counsel or a video recorder be present at Plaintiff's Rule 35 examination. [Doc. 40, pp. 3, 5] Plaintiff submits that he has established good reason for the Court to allow the presence of his attorney or for the examination to be recorded:

> [s]pecial circumstances are present here because the examination will take place far from Mr. Hatchett's residence. Mr. Hatchett has made a living as a laborer, is of limited education and is not familiar with the high stakes involved in such an examination. Further the physical will ask Mr. Hatchett numerous questions during the "history and physical" or in other words "interview" Mr. Hatchett about the liability issues in the case. Counsel should be present for such an examination.

[Doc. 40, ¶ 6]

The Magistrate relied on *Ornelas v. Southern Tire Mart, LLC,* 292 F.R.D. 388 (S.D. Tex. 2013), which is a carefully reasoned opinion collecting and harmonizing cases from over a dozen district courts. *Ornelas* states the following standard regarding requests to impose a condition on a Rule 35 examination:

> Under that Rule 26(c), a court may issue any order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)(1). Mental examinations, by their nature, are intrusive and implicate sensitive matters. *Jansen v. Packaging Corp. of Am.*, 158 F.R.D. 409, 410 (N.D.Ill.1994). Nonetheless, the party seeking the presence of a third party at a Rule 35 examination still sustains the burden of convincing the court that good cause exists for a protective order

3

> and that such a third-party presence is necessary. *Calderon v. Reederei Claus–Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D.Fla.2009). In this context, "broad allegations of harm unsubstantiated by specific examples" do[] not suffice to meet the Rule 26(c) test. *Bridges*, 850 F.Supp. at 223. Rather, the inquiry becomes whether "special circumstances are present which call for a protective order tailored to the specific problems presented." *Calderon*, 258 F.R.D. at 526.

*Ornelas*, 292 F.R.D. at 395. Neither the Tenth Circuit nor the Supreme Court have addressed the standard for determining whether to set conditions for a Rule 35 examination. This Court is not of the mind that it is necessary for the Court to turn to Rule 26(c) for the proper test to determine what conditions, if any should be ordered during a Rule 35 examination. The structure of Rule 35 itself requires that there be good cause as to the entire order, yet allows discretion to the Court in determining the conditions of the examination:

> The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(2); *see also Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 688 (10th Cir. 2007) ("This court reviews discovery decisions pertaining to Rule 35 examinations for an abuse of discretion."). Rule 35 requires no "special circumstances," only "good cause." That said, in this case such a distinction is academic, as Plaintiff has not established good cause for either the presence of his counsel or recording the examination.

The Court is persuaded by the reasoning in those cases which "favor[] the exclusion of the plaintiff's attorney from such an exam absent special circumstances" on

4

the grounds of undue distraction, undermining the accuracy of the process, raising ethical considerations, and creating an unnecessarily adversarial examination. *See Ornelas*, 292 F.R.D. at 395-96 (collecting cases). Plaintiff has submitted no evidence which would justify a Court to believe that presence of his counsel would be more advantageous to the discovery process than deleterious.

As to Plaintiff's request that the examination be recorded, the Court first notes that it is not persuaded by the line of cases equating the presence of recording equipment (presuming the absence of a videographer) with having a third party present at the examination. *Ornelas*, 292 F.R.D. at 396-97 (collecting case which hold, for example, that "[t]aping the psychiatric examination would be tantamount to allowing counsel for the claimant to be present in the room" (internal quotation marks and citation omitted)). There is certainly not the same potential for injecting an adversarial nature into the examination. Nonetheless, recording the examination could be distracting to the examination process, either to the doctor or to the examinee, or otherwise change the nature of the examination. *See Tomlin v. Holecek*, 150 F.R.D. 628, 631-32 (D.Minn. 1993) (suggesting that recording is inimical to the conduct of a psychiatric examination based on the need for a private and personal interchange). Moreover, Rule 35 requires Plaintiff to establish good cause for the condition of recording the examination. This Plaintiff has not done.

For purposes of Plaintiff's Objections, the Court will assume that Plaintiff is correct in arguing that "the Rule 35 examination is not an 'independent evaluation' but an evaluation by a physician hired by the insurance company to skeptically review the

5

injuries that Plaintiff has sustained[.]" [Doc. 40, ¶ 3] This assumption alone does not amount to good cause for allowing the recordation of the examination or other special conditions of a Rule 35 examination. *See O'Sullivan v. Rivera*, 229 F.R.D. 184, 187 (D.N.M. 2004) ("[E]ven if Dr. Schultz were often called by defense lawyers or were conservative in his diagnoses and treatments, the Defendants would be entitled to obtain their own expert and secure an independent opinion about O'Sullivan's condition. The truth will more likely be obtained from the adversarial process than by taking the unexamined word of the plaintiff's expert."); *Ornelas*, 292 F.R.D. at 392 ("one purpose in granting a request for an examination pursuant to Rule 35 is to preserve the equal footing of the parties" (internal brackets, ellipses, quotation marks and citation omitted)); *Order Granting Motion for Rule 35 Examination,* ("Concerns of equity require allowing Defendants to have their own expert." (citations omitted)). [Doc. 36, p. 3].

    Plaintiff cites to various cases allowing the videotaping of an examination, however, in those cases there was an evidentiary basis supporting the party's request for recording the examination. *See Schaeffer v. Sequoyah Trading & Transp.*, 273 F.R.D. 662, 664 (D. Kan. 2011) (allowing the recordation of a Rule 35 examination where the plaintiff had a long history of mental health issues, institutionalization, and a low IQ which raised doubts as to whether the plaintiff would be able to assist his attorney to understand what occurred during the Rule 35 examination); *Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649, 652, 654 (D. Kan. 2003) (allowing the recordation of an examination by a psychiatrist who had previously been disqualified from further participation in proceedings for being abusive and ignoring court ordered conditions on

examinations). Plaintiff submitted no evidence of his IQ, education, or any basis for determining that Plaintiff would not be able to fully understand the examination process or questions. Thus, whether considering Plaintiff's arguments de novo or for clear error, the Court is not persuaded by Plaintiff's arguments.

**WHEREFORE**, **IT IS HEREBY ORDERED** that *Plaintiff's Objection to Magistrate Judge "Order Granting Motion for Rule 35 Examination["]and Memorandum in Support* [Doc. 40] is overruled.

**IT IS FURTHER ORDERED** that the Honorable Stephan M. Vidmar impose a new deadline (date and time) for the Rule 35 examination, with conditions consistent with his Order of June 12, 2014 [Doc. 36].

**SO ORDERED THIS 18th** day of July, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court