IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONNY T. HATCHETT,**

    **Plaintiff,**

**v.**                                                                                       **No. 13-cv-1183 MCA/SMV**

**UNITED PARCEL SERVICE, INC.,**
**and MICHAEL VANCE GILLAM,**

    **Defendants.**

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSE TO REQUESTS FOR ADMISSIONS

THIS MATTER is before the Court on Plaintiff's Motion to Determine the Sufficiency of Defendants' Responses to Requests for Admissions and Memorandum Brief in Support ("Motion"), filed August 7, 2014 [Doc. 48]; Defendants Response . . . and Memorandum in Support, filed August 25, 2014 [Doc. 50]; and Plaintiff's Reply . . . and Memorandum in Support, filed September 2, 2014 [Doc. 51]. The Court heard oral argument on Plaintiff's Motion on September 24, 2014. Having considered the parties' submissions and relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion should be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This is a negligence action arising out of a motor vehicle accident. [Doc. 1-1] at 1–4. Plaintiff alleges that Defendant Gillam negligently rear-ended the vehicle in which Plaintiff was a passenger. *Id.* at 2–3. Defendant Gillam was operating a semi-truck owned by Defendant United Parcel Service, Inc., and was acting in the course and scope of his employment at the time

of the accident.  *Id.* at 2.  Defendants deny Plaintiff's allegations of negligence.  *Id.* at 23; [Doc. 3] at 2.

Plaintiff claims to have suffered severe injuries as a result of the accident.  [Doc. 1-1] at 3.  He received medical treatment from several physicians and clinics following the accident.  *Id.* at 3.  Some of the Requests for Admission ("RFAs") asked Defendants to admit that Plaintiff's medical records and invoices are authentic, and that the treatment reflected therein was necessary, reasonable, and incurred as a result of the accident.  *See* [Doc. 48-1].  One RFA asked Defendants to admit that Defendants were solely responsible for the accident.  [Doc. 48] at 11; [Doc. 48-1] at 5.  Defendants admitted some of the RFAs.  *See* [Doc. 48-12].  They denied others on the ground that they lacked sufficient information with which either to admit or deny.  *See, e.g.*, *id.* at 5.  With respect to the remaining RFAs, Defendants first objected on various grounds, and then denied the request in part without expressly admitting or denying the parts they did not deny.  *See* [Doc. 48-12] at 8–15; [Doc. 48-13] at 1–10.  In this Motion, Plaintiff seeks an order requiring Defendants to admit all disputed RFAs.  [Doc. 48] at 15.

## LAW REGARDING REQUESTS FOR ADMISSION

Federal Rule of Civil Procedure 36 permits parties to serve upon other parties "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).  One District Court has stated:

> Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.

*T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) (citations omitted); *see generally* 7 *Moore's Federal Practice* § 36.02[1] (Matthew Bender 3d ed. 2014) ("While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.").

In responding to an RFA, a party may: (1) object on the grounds that the requested matter is beyond the scope of discovery permitted by Rule 26(b)(1); (2) admit the request; (3) deny the request; (4) provide a detailed explanation why, after making reasonable inquiry, the matter can neither be admitted nor denied; or (5) provide a good faith qualified admission or denial that admits certain matters, if possible, but denies or gives a qualified answer to the rest. *See Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 73 (D.D.C. 2003). In responding to an RFA, a party must make "reasonable inquiry and secure such knowledge and information as are readily obtainable by him." *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 665 (D. Colo. 2005) (quoting Fed. R. Civ. P. 36 advisory committee notes to 1970 Amendments). Generally, a party is only required to review and inquire of persons and documents that are within the responding party's control. *Uniden Am. Corp. v. Ericcson, Inc.*, 181 F.R.D. 302, 303–04 (M.D.N.C. 1998).

The party opposing a motion to determine sufficiency bears the burden of persuasion to show the court that its objection to the request is warranted or that its answer is sufficient. *Valley Hous. Ltd. P'ship v. City of Derby*, No. 3:06CV1319(RNC), 2008 WL 178587, at *1 (D. Conn. Jan. 17, 2008). A sufficient answer must "fairly meet the substance of the requested admissions." *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 677 (D. Kan. 1999). An

answer to a request for admission may be considered insufficient where the answer is not "specific" or where the explanation for a failure to admit or deny is not "in detail" as required by Rule 36(a)(4). *See Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993) (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2263 (1970)). However, a simple denial is specific and is a proper response to a request for admission; a party is not required to state a reason for denying a request for admission. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967–68 (3d Cir. 1988).

When a party makes an admission or denial that the other party disputes, the remedy to the requesting party is to prove the truth of what was not admitted at trial and then move the Court for its reasonable expenses incurred in making that proof, including reasonable attorney's fees. *See* Fed. R. Civ. P. 37(c)(2); *Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74–75 (D.D.C. 2003) ("[T]he validity, or bona fides, [or truthfulness or legal legitimacy,] of a qualified answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of [Rule 37]."). The Court can neither strike an answer to a request for admission, *Harris*, 190 F.R.D. at 677, nor force a responding party to admit any facts in the case. *See* 7 *Moore's Federal Practice*, § 36.12[3] (Matthew Bender 3d ed. 2014) ("A motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response. Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial.").

## ANALYSIS

### Request for Admission Number 1

This request asks Defendant to admit the genuineness of certain documents and medical invoices attached as Exhibits 1–25 to the RFA. [Doc. 48-1] at 3–4. Defendants admitted the genuineness of many of the documents. *See* [Doc. 48-12] at 1–4. With respect to those attached to the RFA as Exhibits 10–18 and 20–25, Defendants admitted the genuineness of some documents and denied the rest. *Id.* at 2–5. Defendants denied on the grounds that they lacked sufficient information to either admit or deny the request. *See id.* Plaintiff asks the Court to compel Defendants to admit all of RFA Number 1 because "[t]he information was readily obtainable by Defendant by reviewing [the documents] and simply contacting the provider (with the previously provided medical authorization)." [Doc. 48] at 5. Defendants have no obligation to contact third parties in answering RFAs. Defendants admitted those it could admit and gave a clear denial to those it chose not to admit. Defendants' answer to RFA Number 1 is sufficient.

### Request for Admission Number 2

This request asks Defendants to admit that Exhibits 1–25 to the RFA are business records. [Doc. 48-1] at 3–4. Defendants denied the RFA on the grounds that they lacked sufficient information to either admit or deny the request. [Doc. 48-12] at 5. As with RFA Number 1, Plaintiff asks the Court to compel Defendants to admit the request because Defendants could have obtained the information from the entities that created the documents. [Doc. 48] at 6–7; Audio Record of Sept. 28, 2014 Motion Hearing (counsel's oral argument). Again, Defendants have no obligation to contact third parties in answering RFAs. Defendants gave a clear denial to the RFA. Defendants' answer to RFA Number 2 is sufficient.

**Request for Admission Numbers 3–5 and 7–23**

Request 3 asks Defendants to admit that the medical records and invoices attached as Exhibits 1–25 to the RFA were "incurred by Plaintiff as a result of the wreck involving Defendants on or about November 27th, 2012." [Doc. 48-1] at 5. Request Number 5 asks Defendants to admit that "you are solely responsible for the [accident involving Plaintiff and Gillam]." *Id*. at 7. The remaining requests ask Defendants to admit that the medical treatment and expenses reflected in exhibits are reasonable, necessary, and incurred as a result of the accident. *Id*. at 5–8. Defendants raised a number of objections, including that the requests were "premature as discovery is not complete." [Doc. 48-12] at 8–15; [Doc. 48-13] at 1–10. Defendants miss the point. Requests for admission are designed to narrow the issues and thus reduce the need for discovery on matters that are not really in dispute. Although Defendants gave a qualified answer to each request, specifically denying that certain bills for treatment rendered after a certain date were reasonable, necessary, and accident-related, [Doc. 48-12] at 8−15; [Doc. 48-13] at 1–10, Defendants did not provide a clear, specific response to the remainder of the request. The Court deems Defendants' answers to RFA Numbers 3–5 and 7–23 to be insufficient. The Court will deny Plaintiff's request to compel Defendants to admit those RFAs, but will require Defendants to provide a more complete and specific answer.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Determine the Sufficiency of Defendants' Response to Requests for Admissions . . . [Doc. 48] shall be **GRANTED IN PART** and **DENIED IN PART.** The Motion is denied with respect to Request for Admission Numbers 1 and 2. The Motion is granted in part with respect to Request for Admission Numbers 3–5 and 7–23. Defendants shall provide more complete and

specific answers to those Requests no later than 21 days from the entry of this order.  Each party shall bear its own expenses, including attorney's fees, incurred in connection with this Motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

    **IT IS SO ORDERED.**

                                               _____
                                               **STEPHAN M. VIDMAR**
                                               **United States Magistrate Judge**